[ECF No. 13]

**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

---

**TRUSTEES OF THE UNITED FOOD AND COMMERCIAL WORKERS UNION AND PARTICIPATING FOOD INDUSTRY EMPLOYERS HEALTH AND WELFARE FUND,** for and on behalf of themselves and said Fund, and the Board of Trustees,

            **Plaintiff,**

    v.

**MT. LAUREL CENTER FOR REHABILITATION AND HEALTH CARE,** subsidiary of CENTERS HEALTH CARE,

            **Defendant.**

**Civil No. 19-15417 (NLH/SAK)**

---

## OPINION AND ORDER

This matter is before the Court on the Motion to Compel Discovery [ECF No. 13] filed by Plaintiff Trustees of the United Food and Commercial Workers Union and Participating Food Industry Employers Health and Welfare Fund. No opposition has been filed. The Court exercises its discretion to decide the motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons to be discussed below, Plaintiff's motion is **GRANTED**.

## I.    BACKGROUND

Plaintiff filed this action on July 16, 2019 against Defendant Mt. Laurel Center for Rehabilitation and Health Care alleging violations of a collective bargaining agreement ("CBA")

in effect between Defendant and the United Food and Commercial Workers Union Local 1360. *See* Compl. [ECF No. 1]. Plaintiff alleges Defendant failed to fully remit required contributions for the benefit of its employees under the CBA for a period of time including, but not limited to, May 2016 through August 2017. *See id.* ¶¶ 11–13. This delinquency was discovered following a payroll audit and Plaintiff demanded payment on several occasions thereafter. *See id.* ¶¶ 14–16. Despite its efforts, Defendant failed to remit payment. As such, Plaintiff alleges that Defendant's actions constitute violations of the Employee Retirement Income Security Act of 1974 ("ERISA"). *See id.* ¶¶ 17–19.

On August 1, 2019, Plaintiff filed an Affidavit of Service [ECF No. 4] indicating Defendant was served with process on July 18, 2019. Defendant's response was due by August 8, 2019. Defendant failed to move or otherwise respond to the complaint. On September 4, 2019, Plaintiff filed a request for default [ECF No. 5], which the Clerk entered the following day.

On September 12, 2019, Plaintiff filed a motion for default judgment [ECF No. 6] seeking a total judgment of $305,614.76 in combined dues, damages, fees, and costs. On May 1, 2020, the Honorable Noel L. Hillman, U.S.D.J., granted Plaintiff's motion and entered judgment in its favor in the amount of $305,600.36.[1] *See* Op. [ECF No. 7]; Order [ECF No. 8]; J. [ECF No. 9]. To date, Defendant has not made an appearance in any capacity in the case.

On April 4, 2022, Plaintiff served Defendant with Asset Interrogatories *via* overnight mail. *See* Feehan Cert. ¶ 6 [ECF No. 13-1]. A copy of Plaintiff's April 4, 2022 letter to Defendant, and the accompanying Asset Interrogatories, are attached to the instant motion as Exhibit "A." *See id.*; *see also* ECF No. 13-4. A copy of the overnight delivery confirmation is attached as Exhibit "B."

---

[1] The discrepancy of $14.40 between the sum requested by Plaintiff and the judgment amount was attributed to a minor computational error. *See* Op., May 1, 2019 at 13 n.2 [ECF No. 7].

*See* ECF No. 13-5.  Plaintiff contends that Defendant failed to respond to the interrogatories and now moves for an Order compelling Defendant to provide answers.

## II.    <u>DISCUSSION</u>

As the Supreme Court has noted, the "rules governing discovery in postjudgment execution proceedings are quite permissive." *Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134, 138 (2014).  Pursuant to Federal Rule of Civil Procedure 69(a)(2), in aid of the judgment or execution, a judgment creditor "may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." *See generally* 12 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3014 (3d ed.) ("A judgment creditor may use the discovery devices provided in [the federal rules] or may obtain discovery in the manner provided by the practice of the state in which the district court is held."); *see, e.g.*, *United States v. Chazen*, No. 08-2314, 2019 WL 113722 (D.N.J. Jan. 4, 2019) (granting motion to compel the judgment debtor to appear for a deposition and to provide answers to interrogatories to aid the plaintiff in collection of its judgment).

"The general rule in the federal system is that, subject to the district court's discretion, '[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.'" *Republic of Argentina*, 573 U.S. at 139 (quoting Fed. R. Civ. P. 26(b)(1)). Since the federal rules do not provide a specific formula for obtaining postjudgment discovery, district courts look to state law for procedural guidance. *See* Fed. R. Civ. P. 69(a)(1).  To obtain postjudgment discovery under New Jersey law,

> the judgment creditor . . . may examine any person, including the judgment debtor, by proceeding as provided by these rules for the taking of depositions or . . . may proceed as provided by [Rule] 6:7-2, except that service of an order for discovery or an information subpoena shall be made as prescribed by [Rule] 1:5-2 for service on a party.  The court may make any appropriate order in aid of execution.

N.J. CT. R. 4:59-1(f).  "An information subpoena may be served upon the judgment debtor, without leave of court, accompanied by an original and copy of written questions and a prepaid, addressed return envelope." N.J. CT. R. 6:7-2(b)(1).  The information subpoena and written questions must conform with and be limited to those set forth in Appendix XI–L to the New Jersey Court Rules. *See id.*  Lastly, service of the subpoena shall be made personally, "as provided by [Rule] 4:4-4[,] or by registered or certified mail, return receipt requested, and simultaneously by ordinary mail to the party's last known address." *See* N.J. CT. R. 1:5-2, 4:4-4; *see also Consolidated Rail Corp. v. Alliance Shippers, Inc.*, No. 93-1327, 2015 WL 3658848 (D.N.J. June 12, 2015) (denying motion to compel, in part, due to the movant's failure to comply with New Jersey law governing service of an information subpoena seeking postjudgment discovery).  Particularly relevant here, service by a commercial courier such as United Parcel Service ("UPS") or Federal Express is permissible, "provided the courier's regular business is delivery service, and provided further that it guarantees delivery to the addressee by the end of the next business day following the courier's receipt from the sender." N.J. CT. R. 1:5-4(c).

Here, the Court will grant Plaintiff's motion and order that Defendant provide answers to Plaintiff's Asset Interrogatories.  Despite semantics, Plaintiff's April 4, 2022 letter and the attached interrogatories constitute what New Jersey law defines as an information subpoena.  Furthermore, Plaintiff's overnight service by UPS is a permissible alternative in lieu of service by registered or certified mail under New Jersey law. *See id.*  Although Plaintiff's counsel's certification does not indicate whether the letter was also served simultaneously by regular mail, the Court reiterates that it merely looks to state law for procedural guidance and is no way bound by its strictures. *See, e.g.*, *Trustees of Int'l Union of Painters & Allied Trades Dist. Council 711 Health & Welfare Fund v. Newage Painting Corp.*, No. 17-8032, 2021 WL 1108681, at *1 (D.N.J. Mar. 23, 2021) (alteration

in original) (citations omitted) (noting that, because "[t]he Federal Rules of Civil Procedure are a federal statute for purposes of Rule 69(a)," they govern the procedure for service).  The Court also notes the instant motion is Plaintiff's second attempt to compel such discovery. *See* Pl.'s First Mot. [ECF No. 10].[2]  In light of the foregoing, the Court is satisfied that Plaintiff's Asset Interrogatories were properly served upon Defendant.  More critically, the Court finds that the interrogatories seek permissible postjudgment discovery under both state and federal law. *See* FED. R. CIV. P. 69(a)(2); N.J. CT. R. 4:59-1(f).  They also correspond in style and substance with the questions set forth in Appendix XI–L to the New Jersey Court Rules. *See* N.J. CT. R. 4:59-1(f); 6:7-2(b)(1).  Therefore, the Court finds Plaintiff has sufficiently established compliance with the applicable law governing postjudgment discovery. *See, e.g.*, *Consolidated Rail*, 2015 WL 3658848, at *4 (finding a failure to comply where the moving party served its information subpoena on opposing counsel by email and neglected to include the questions attached thereto with its motion).  As such, the Court will grant Plaintiff's motion and enter an Order compelling Defendant to promptly provide responses to Plaintiff's Asset Interrogatories.

## III.  <u>CONCLUSION</u>

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** this **27th** day of **September**, **2022**, that Plaintiff's Motion to Compel Discovery [ECF No. 13] is **GRANTED**; and it is further

---

[2] Plaintiff's first motion was withdrawn for unspecified reasons. *See* Pl.'s Letter, Apr. 13, 2022 [ECF No. 11].  However, counsel's certification filed in support of the first motion demonstrates Plaintiff previously served Defendant with "Asset Interrogatories by regular and certified mail" on February 2, 2022. Feehan Cert. ¶ 6 [ECF No. 10-1].  Although "the certified mail appear[ed] to still be in transit" at the time of the motion's filing, "[t]he regular mail was received." *Id.*  Thus, the Court finds the record appears to demonstrate that Plaintiff served its Asset Interrogatories on Defendant at its last known address on at least two occasions—albeit not concurrently.

**ORDERED** that Defendant Mt. Laurel Center for Rehabilitation and Health Care shall provide answers to Plaintiff's Asset Interrogatories no later than **October 18, 2022**; and it is further

**ORDERED** that Defendant Mt. Laurel Center for Rehabilitation and Health Care may be subject to sanctions if it fails to timely respond to Plaintiff's Asset Interrogatories or otherwise refuses to comply with this Order; and it is further

**ORDERED** Plaintiff shall use all reasonable means to assure that Defendant Mt. Laurel Center for Rehabilitation and Health Care is served with a copy of this Order.

s/ Sharon A. King
SHARON A. KING
United States Magistrate Judge

cc:  Hon. Noel L. Hillman, U.S.D.J.